KORNSTEIN VEISZ WEXLER & POLLARD, LLP

ATTORNEYS AT LAW

757 THIRD AVENUE
NEW YORK, NEW YORK 10017-2013
TELEPHONE (212) 418-8600
TELECOPIER (212) 826-3640
WWW.KVWP.NET

December 9, 2014

**VIA ECF**

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Donoghue v. Achillion Pharmaceuticals, Inc., et al
                14 Civ. 8353 (PAC) (the "Donoghue Action")

                Roth v. RA Capital, Inc., et al
                <u>14 Civ. 8594 (PAC) (the "Roth Action")</u>

Dear Judge Crotty:

      We are the attorneys for the plaintiff in the Roth Action. At the Court's direction, I write in response to the letter to the Court from David Lopez, the attorney for the plaintiff in the Donoghue Action, dated November 3, 2014.

      Plaintiff Roth has no objection to a consolidation of the two cases, as we have previously advised all counsel. However, there are a number of misstatements in Mr. Lopez's letter concerning the Roth Action which require correction.

      First, contrary to Mr. Lopez's statement, the Roth complaint is not "an essentially identical tag-along suit". Our complaint is detailed and thorough and specifies the basis for our $5 million claim against defendants. Mr. Lopez's complaint is conclusory and does not specify damages.

      Moreover, Mr. Lopez tries to create the misleading impression that the Roth Action was designed to "horn in" on the Donoghue Action because it was filed a week after his. On August 25, 2014, we served a detailed demand letter on Achillion on Mr. Roth's behalf setting for the claims Under Section 16(b) of Securities Exchange Act with particularity. We received no

KORNSTEIN VEISZ WEXLER & POLLARD, LLP

Judge Paul A. Crotty, U.S.D.J.
United States District Court
December 9, 2014
Page 2

response. As required by the language of Section 16(b), we waited sixty days before filing the complaint. The complaint is based upon the facts in the demand letter. Roth's counsel did not even know of the existence of the Donoghue Action or Mr. Lopez's demand on Achillion until after we filed our case.

While we do not oppose consolidation, we have serious objections to Mr. Lopez's request that he should be designated as "lead counsel". We do not think that the concept of "lead counsel" has any applicability to this type of case, nor do we think that his filing of a case a week before our case constitutes a sufficient ground for such a designation. While we would be happy to forge a cooperative relationship with Mr. Lopez in prosecuting both actions, we do not believe that there is any basis for allowing him free reign to act on behalf of our client.

Respectfully,

Paul D. Wexler, Counsel

cc: Derek Musa, Esq
John F. Batter III, Esq.
Ronald Tauber, Esq.
Glenn Ostrager, Esq.
David Lopez, Esq.
(by ECF and email)